IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RAYMOND STEPHENS, SR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No.: 5:08-CV-219-CAR |
| | : | |
| **GEORGIA DEPARTMENT OF TRANSPORTATION, STATE OF GEORGIA et al.,** | : : : | |
| | : | |
| **Defendants.** | : | |

### ORDER ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Currently before the Court are Defendants' Motion to Dismiss in Lieu of Answer [Doc.19], and Plaintiff Raymond Stephens's Motion for Default Judgment [Doc. 25]. For the reasons explained herein, Defendants' Motion to Dismiss [Doc.19] is **GRANTED in part and DENIED in part**. Plaintiff's claims against the individual Defendants – Brad Harmon, William Griswold, Michael Hill, and Clinton Ford – are hereby DISMISSED as redundant of his claims against the Georgia Department of Transportation ("the DOT"); Plaintiff's claims against the DOT, however, will go forward. Plaintiff's Motion for Default Judgment [Doc. 25] is **DENIED as moot**.

### FACTUAL AND PROCEDURAL HISTORY

On July 7, 2008, Plaintiff filed a *pro se* Complaint [Doc. 1] pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging that while employed by the DOT, he

1

was unlawfully subjected to sex discrimination and harassment.  The original complaint named only the DOT as a defendant in this action.  In lieu of an answer, the DOT filed its first motion to dismiss requesting that the Court dismiss Plaintiff's complaint for failure to properly perfect service on the DOT pursuant to Fed. R. Civ. P. 4.  Thereafter, Plaintiff retained counsel and filed a motion to amend his complaint to add the four individuals named above as co-defendants in this action.  Plaintiff alleged that each of the individual Defendants was employed by the DOT as Plaintiff's immediate or secondary supervisor.  In its Order of June 8, 2009, the Court allowed Plaintiff to amend his complaint, and Plaintiff asserted the same Title VII claims against the four individuals as he previously asserted against the DOT.  Plaintiff brought such claims against the individual Defendants in their official capacities only.

Also in its June 8, 2009 Order, the Court denied the DOT's motion to dismiss.  The Court acknowledged that Plaintiff had failed to properly effect service on the DOT but allowed Plaintiff "fifteen (15) days from the date of th[e] Order to effect proper service of process on [all] Defendants and file proof of such service with the Court ...." [Doc. 15].  Thus, Plaintiff had until June 23, 2009, to properly effect service on all Defendants and to file proof of such service with the Court.  Plaintiff timely served Defendant Harmon on June 22, 2009, and the DOT on June 23, 2009.  Plaintiff, however, did not file proof of such service with the Court until June 26, 2009, which was three days late.  As of the date hereof, Plaintiff has not filed with the Court any proof of service on Defendants Griswold, Hill, or Ford.  Defendants filed the current Motion to Dismiss,

contending that the Court should dismiss Plaintiff's claims against the individual Defendants as redundant of the claims against the DOT and dismiss Plaintiff's claims against the DOT for failure to timely file proof of service with the Court.

Thereafter, Plaintiff filed his Motion for Default Judgment claiming that the Court should enter default judgment against Harmon because Plaintiff properly served him, and Harmon failed to file a responsive pleading or a motion for extension of time on or before July 21, 2009..

## DISCUSSION

**MOTION TO DISMISS**

A motion to dismiss does not test whether the plaintiff will prevail on the merits of the case; it tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Accordingly, the Court must accept the facts alleged in the complaint as true and construe all reasonable inferences in the light most favorable to the plaintiff. Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999). If the facts contained in the complaint would allow the plaintiff to recover under any possible theory, the motion to dismiss must be denied. Linder v. Portocarrero, 963 F.2d 332, 336 (11th Cir. 1992). If, however, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the plaintiff's claim must be dismissed. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In support of their Motion to Dismiss, Defendants assert that (1) the Court should dismiss Plaintiff's claims against the four individual Defendants because they are

improper defendants under Title VII; (2) even if the individual Defendants are proper, the Court should dismiss Plaintiff's claims against three of them– Griswold, Hill, and Ford – because Plaintiff failed to effect proper service; and (3) the Court should dismiss Plaintiff's claims against Defendants Harmon and the DOT because Plaintiff failed to timely file proof of service with the Court. The Court addresses each argument in turn.

### Individual Defendants

Plaintiff's claims against the four individual Defendants must be dismissed as redundant of his claims against the DOT. Plaintiff has sued the four individual Defendants in their official capacities only and has not asserted claims against them in their individual capacities. Plaintiff asserts the same claims against the DOT. Suits against an individual in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n. 55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Accordingly, in a suit against both an entity and the entity's officer in his official capacity, the named individual defendant in his official capacity should be dismissed as redundant. Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). Thus, because Plaintiff's amended complaint alleges the same claims against both the DOT and the individuals in their official capacities, Defendants' Motion to Dismiss regarding the claims against Harmon, Griswold, Hill, and Ford is **GRANTED**,

4

and those claims are hereby DISMISSED as redundant.

### Failure to Serve Griswold, Hill, and Ford

Even if Griswold, Hill, and Ford were proper defendants, Plaintiff's claims against them would be dismissed for lack of service under Fed. R. Civ. P. 4(m). It is uncontested that Plaintiff has not served Griswold, Hill, or Ford, nor has he filed proof of such service with the Court. Plaintiff has not specified any efforts he has made to serve these individuals nor explained why these efforts have been unsuccessful. Plaintiff merely gives a conclusory statement that these individuals "managed to avoid service." [Response to Defendants' Motion to Dismiss, Doc. 24]. Additionally, Plaintiff has not requested an extension of time to obtain service on these individuals. As such, the Court cannot say that Plaintiff has shown good cause for his failure to serve these defendants or that in the Court's discretion additional time should be granted for Plaintiff to serve the individuals. See Water & Sewer Bd. v. Commercial Union Ins. Cos., No. Civ. A 00-0239PC, 2000 WL 1848461 (S.D. Ala. Nov. 30, 2000) ("[W]here no information has been provided that would support a conclusion that good cause exists for the plaintiff's failure to serve the defendants, a second extension of the service period is unnecessary.").

### Failure to File Proof of Service with the Court

Although Plaintiff failed to timely file with the Court proof of service on the DOT, the Court will not dismiss Plaintiff's claims against the DOT for this reason. In its Order of June 8, 2009, the Court directed Plaintiff to effect proper service of process and to "file proof of such service with the Court" by June 23, 2009. Plaintiff timely served the DOT

5

on June 23, 2009, but he did not file proof of such service with the Court until June 26, 2009, which was three days late. The Court believes, however, that the filing of the proof of service is merely a ministerial act and that the failure to timely file that proof does not operate to extinguish a cause of action. See Fed. R. Civ. P. 4(l)(3) ("Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended."). Accordingly, Defendants' Motion to Dismiss regarding the claims against the DOT is **DENIED**.

### MOTION FOR DEFAULT JUDGMENT

Plaintiff alleges that he is entitled to default judgment because he properly served Harmon on June 22, 2009, and Harmon did not file a responsive pleading or a motion for extension of time on or before July 21, 2009. As shown above, however, Harmon is not a proper defendant in this case and has been dismissed. Therefore, Plaintiff's Motion for Default Judgment [Doc. 25] is **DENIED as moot**.

Even if Harmon was a proper defendant, Plaintiff's Motion for Default Judgment would be denied. Generally, "a defendant must serve an answer within 20 days after being served with the summons and complaint ...." Fed. R. Civ. P. 12(a)(1)(A)(i). However, this time period is altered when the defendant makes a motion before serving his answer. Fed. R. Civ. P. 12(a)(4). Namely, "if the court denies the motion or postpones its disposition until trial, the [answer] must be served within 10 days after notice of the court's action ...." Fed. R. Civ. P. 12(a)(4)(A). Here, Harmon, along with the other Defendants, made a Motion to Dismiss in Lieu of Answer on July 10, 2009.

This motion altered the time period for when Harmon's answer had to be served. In fact, Harmon's answer did not need to be served until ten days after notice of the Court's denial of the motion or postponement of the motion's disposition until trial. Not until today has the Court given notice of its action concerning Defendants' Motion to Dismiss in Lieu of Answer. As such, Harmon has not failed to comply with Fed. R. Civ. P. 12.

## CONCLUSION

In accordance with the foregoing, Defendants' Motion to Dismiss in Lieu of Answer [Doc.19] is **GRANTED in part and DENIED in part**. Plaintiff's claims against HARMON, GRISWOLD, HILL, and FORD, sued only in their official capacities, are DISMISSED. Plaintiff's claims against the DOT, however, will remain.

Plaintiff's Motion for Default Judgment [Doc. 25] is **DENIED as moot**.

**SO ORDERED**, this 4th day of November, 2009.

                                                    S/ C. Ashley Royal
                                                  **C. ASHLEY ROYAL, JUDGE**
                                                  **UNITED STATES DISTRICT COURT**

LNH/SSH