# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| RAYMOND STEPHENS, SR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 5:08-CV-219 (MTT) |
| GEORGIA DEPARTMENT OF TRANSPORTATION, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## ORDER

This matter is before the Court on the Defendant's Motion for Summary Judgment (Doc. 37) (the "Motion"). For the following reasons, the Motion is granted.

## I. FACTUAL BACKGROUND

The Plaintiff, Raymond Stephens Sr., was hired by the Georgia Department of Transportation ("GDOT") in 2003 to do highway maintenance. He was terminated in October 2007. On November 16, 2007, the Plaintiff filed a complaint (the "EEOC Complaint") with the Equal Employment Opportunity Commission (the "EEOC") in which he alleged that his firing was for retaliatory purposes and that the GDOT was "[p]ushing me for no Reason . . . ." In support of these claims, the Plaintiff alleged: "At first I did it no why they was pushing me out the door, but after my co-worker telling he was sorry that I lost my job and I am the onely one saw him fell off the truck that I am his onely widness."

On July 7, 2008, the Plaintiff, having received a right to sue letter from the EEOC, filed a pro se complaint; on February 26, 2009, the Plaintiff, now represented by

counsel, filed an Amended Complaint (Doc. 10).[1]  In the Amended Complaint, the Plaintiff "alleges he was subject to sex discrimination, sexual harassment; a hostile educational environment, in violation of his federal and state civil rights, and the torts of negligent supervision and retention harassment; and infliction of emotional distress by the defendants, causing him damage in various capacities."

The Defendant filed two motions to dismiss (Docs. 2 and 19), both of which the Court granted in part and denied in part.  In an Order dated June 8, 2009 (Doc. 15), this Court dismissed the Plaintiff's state law claims for failure to file an *ante litem* notice as required by the Georgia Tort Claims Act.  In an Order dated November 11, 2009 (Doc. 35), this Court dismissed the Plaintiff's remaining claims against the individual Defendants because (a) they were redundant of his claims against GDOT and (b) the Plaintiff failed to properly serve the individual Defendants.  Thus, after the Court's Orders, the Plaintiff's only remaining claim is that he was subject to sexual harassment and discrimination, as well as retaliation for reporting the harassment and discrimination, by employees of GDOT, and the only remaining defendant is GDOT.

The Plaintiff's remaining claims in his Amended Complaint are apparently based on one incident in March 2006 in which the Plaintiff asked his supervisor, Brad Harmon, how he could get a raise.  Harmon allegedly replied that "the only way you are going to get another raise under me is that you'll have to get under my desk and give me a blow job." Soon thereafter the Plaintiff reported Harmon's comment to a different GDOT

---

[1]  The Amended Complaint is actually titled "Motion to Deny Defendant's Motion to Dismiss and First Amended Complaint and Jury Demand."  The Amended Complaint was filed in response to the Defendants' first Motion to Dismiss (Doc. 2).  In an Order dated June 8, 2009 (Doc. 15), this Court permitted the Plaintiff to amend his complaint and allowed the Motion to Deny Defendant's Motion to Dismiss and First Amended Complaint and Jury Demand to serve as the Amended Complaint.

supervisor. The Plaintiff alleges that he was fired in October 2007 in retaliation for making this report, which he made in March 2006.

## II. DISCUSSION

The most fundamental principle of law regarding Title VII litigation is that a plaintiff may not bring a judicial action for discrimination against a defendant until the plaintiff has exhausted his administrative remedies. *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). In order to exhaust his administrative remedies, a plaintiff first must file a charge of discrimination with the EEOC. *Id.* The reason for this rule is that "'the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Id.* (internal citations omitted). Despite this rule, a court should not strictly interpret the scope of the EEOC complaint; a plaintiff may bring a judicial claim that was not necessarily included in the EEOC complaint if it "'amplif[ies], clarify[ies], or more clearly focus[es]'" the allegations in the EEOC complaint," but "new acts of discrimination are inappropriate." *Id.* at 1279-80 (internal citations omitted). In other words, "[i]n light of the purpose of the EEOC exhaustion requirement, . . . a Plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 1280.

In this case, the Plaintiff failed to raise any of the claims asserted in his Amended Complaint in his EEOC Complaint. While it is not clear what exactly the Plaintiff alleged in his EEOC Complaint (the Plaintiff appears to allege that he was fired because he was a witness for a coworker who had fallen off of a truck at work), what is clear is that he

never mentions anything about sexual harassment, sex discrimination, or any other kind of discrimination. Thus, the EEOC Complaint and the Amended Complaint assert vastly different claims. Moreover, there is no way that the claims raised in the Plaintiff's Amended Complaint can be said to "amplify, clarify, or more clearly focus" those contained in the EEOC Complaint, much less to "grow out of" them. Therefore, the Plaintiff failed to exhaust his administrative remedies because he did not raise any claims of sexual harassment or sex discrimination in his EEOC Complaint. As such, the Defendant is entitled to summary judgment.

## III. CONCLUSION

For the above reasons, the Defendant's Motion (Doc. 37) is **GRANTED**.

**SO ORDERED**, this the 9th day of September, 2010.

>S/ Marc T. Treadwell
>MARC T. TREADWELL, JUDGE
>UNITED STATES DISTRICT COURT

jch

4